FILED

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

03 OCT -8 AM 10: 42

CLERK, US DISTRICT COURT
OCALA, FLORIDA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., <br><br> Plaintiffs, <br> v. <br><br> STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | Case Nos.: 5:00-CV-100-OC-10-GRJ <br><br> NOTICE OF FILING APPENDIX TO PLAINTIFFS' MOTION TO COMPEL THE DEPARTMENT OF CORRECTIONS TO PROVIDE COMPLETE RESPONSES TO PLAINTIFFS' REQUEST FOR DOCUMENTS AND DATA RELATED TO SUPPLEMENTAL WORK OF DR. PAUL WHITE AND SUPPORTING MEMORANDUM OF LAW |

Plaintiffs hereby give notice of the filing of the attached Appendix in support to Plaintiffs to Motion To Compel The Department Of Corrections To Provide Complete Responses To Plaintiffs' Request For Documents And Data Related To Supplemental Work Of Dr. Paul White And Supporting Memorandum Of Law.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Plaintiffs
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Telefax: (305) 579-0717

By: _____
FRANK SCRUGGS
Fla. Bar No. 251488
DAVID S. OLIVER
Fla. Bar No. 521922

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by U.S. Mail to all parties addressed on the service list below on this 7th day of October, 2003.

*/s/ Frank Scruggs*
FRANK SCRUGGS

### Service List

William Peter Martin, Esq.
Dennis, Bowman, Jackson, Martin
& Fontela, P.A.
Ashley Center
2367 Centerville Road
Tallahassee, FL 32317-5589
Phone: 850-422-3345
Fax: 850-422-1325

Edwin R. Hudson, Esq.
Laura Beth Faragasso, Esq.,
Henry, Buchanan, Hudson, Suber & Carter, P.A.
117 South Gadsden Street
Post Office Drawer 1049
Tallahassee, FL 32302
Phone: 850-222-2920
Fax: 850-224-0034

# INDEX TO APPENDIX

| TAB | | DATE |
|---|---|---|
| 1. | Plaintiffs' Request for Production of Documents by Department of Corrections Pertaining to work of Dr. Paul White and Economic Research Services, Inc. | 07/25/03 |
| 2. | Plaintiffs' letter to William Peter Martin requesting documents the Department of Correction listed in the pretrial statement for the injunction trial. | 08/04/03 |
| 3. | Plaintiffs' letter to William Peter Martin requesting documents, materials, and data used by Dr. White in formulating the opinions that are outlined in the joint pretrial statement. | 08/15/03 |

\\MIA-SRV01\687427v01

# TAB 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATIONAL ASSOCIATION FOR : 
THE ADVANCEMENT OF COLORED :
PEOPLE, et al., :
 :
      Plaintiffs, :
v. :
 : Case Nos.: 5:00-CV-100-OC-10
STATE OF FLORIDA DEPARTMENT OF :
CORRECTIONS, et al., :
 :
      Defendants. :
 :
 :

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS BY DEPARTMENT
OF CORRECTIONS PERTAINING TO WORK OF
DR. PAUL WHITE AND ECONOMIC RESEARCH SERVICES, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, NAACP, et. al., request that Defendant, Department of Corrections, within thirty (30) days after service of this request, produce the documents referred to in the attachment.

                  Respectfully submitted,

                  GREENBERG TRAURIG, P.A.
                  Attorneys for Plaintiffs
                  1221 Brickell Avenue
                  Miami, Florida 33131
                  Telephone: (305) 579-0500
                  Telefax   : (305) 579-0717

                  By: _____
                  FRANK SCRUGGS
                  Fla. Bar No. 251488
                  DAVID S. OLIVER
                  Fla. Bar No. 521922

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by fax to counsel addressed on the Service List this 25th day of July, 2003.

_____
FRANK SCRUGGS

## SERVICE LIST

| | |
|---|---|
| William Peter Martin, Esq.<br>Dennis, Bowman, Jackson, Martin<br>& Fontela, P.A.<br>Ashley Center<br>2367 Centerville Road<br>Tallahassee, FL  32317-5589 | Edwin R. Hudson, Esq.<br>Henry, Buchanan, Hudson, Suber & Carter, P.A.<br>117 South Gadsden Street<br>Post Office Drawer 1049<br>Tallahassee, FL  32302 |

) )

## **DEFINITIONS AND INSTRUCTIONS**

### **DEFINITIONS**

As used herein, the following terms are defined as indicated:

A. The terms "Economic Research Services, Inc.", "Economic Research Services", "ERSI", and "ERS" refers to Economic Research Services, Inc. and its agents, officers, representatives, employees and investigators.

B. The term "Dr, White", refers to Non-party Witness, Dr. Paul F. White, his employer, Economic Research Services, Inc., and its agents, officers, representatives, employees and investigators.

B. The terms "State of Florida Department of Corrections", "Department of Corrections", or "the Department" refer to State of Florida Department of Corrections and its agents, officers, representatives, employees, attorneys, and investigators.

C. The term this "Action" or this "case" refers to the "Ocala case," 5:00-CV-100-OC-10-GRJ, now pending in the Middle District of Florida.

D. The terms "employment related matters", "employment practices" and "employment issues" refer to any and all employment matters, practices and issues which are to be construed in the broad sense of the word "employment" including, but not limited to, the selection, interview, hiring, promoting, disciplining, suspending and terminating of employees, and the policies behind such procedures.

E. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

F.  The word "document," as used herein, means all graphic and audio or visually recorded matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in your actual or constructive possession, custody or control, including but not limited to: computer materials, plans, drawings, graphs, deeds, title policies, commitments or abstracts, writings, letters, letters, correspondence, memoranda, notes, films, photographs, audio recordings, transcripts, contracts, agreements, covenants, permits, licenses, memoranda of telephone or personal conversations or communications, microfilm, microfiche, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, written communications, minutes or notes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated. The term "document" shall also include all copies of each document if the copies contain any additional matter or are not identical copies of the originals.

G.  The term "computer materials" shall mean any and all files from any personal computer, notebook or laptop computer, file server, minicomputer, mainframe computer, or other storage device, including but not limited to hard drive, disk drives or back up or retrieved electronic information, including but not limited to e-mail and voicemail. All relevant files that are still on the storage media, but are identified as "erased but recoverable," are to be included.

H.  The word "communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any

conversation or discussion, whether face-to-face or by means of any telephone, telegraph, telecopies, *electronic mail* or other media.

I. The word "date" means the exact day, month and year, if ascertainable or, if not, the best approximation thereof, including relationship to other events.

J. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof

K. If not expressly stated, "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

L. "Related to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

M. "Relating to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

## INSTRUCTIONS

N. Furnish all documents known or available to the Department and Dr. White, or their possession, custody or control, regardless of whether such documents are possessed directly by them or any of their agents, employees, attorneys, representatives, investigators, or consultants or by any entity with which they are affiliated with in any manner.

O.  If any document requested can not be produced in full because it is partially destroyed, or for any other reason, produce such documents to the extent possible. If you claim any such documents are privileged or work product, please create a log of privileged documents which:

(1)  states the nature of the privilege claimed (including work product);

(2)  states the privilege rule being invoked if the privilege is being asserted in connection with a claim or defense governed by state law;

(3)  states the date of the document or oral communication;

(4)  if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and if not apparent, the relationship between the author and addressee;

(5)  if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)  the general subject matter of the document or oral communication.

P.  Please refer to "Definitions" when a request requires the identification of any person, document, entity, and/or communication.

)                                )

## DOCUMENTS TO BE PRODUCED

1. All documents related to any analysis, report, correspondence, or opinion prepared by Dr. White or ERS for the Florida Department of Corrections regarding the claims made in this Action and regarding the defenses raised in opposition to such claims since January 1, 2002, except where previously filed with the court in this case.

2. All documents constituting any amended, revised, updated, modified, altered or corrected electronic database that has been created or used by Dr. White, ERS, or the Department in connection with this since January 1, 2000.

3. Copies of each affidavit prepared by Dr. White in connection with this Action, but not already filed with the court, including all drafts, working copies, and outlines thereof.

4. All documents reflecting communications between either Dr. White or ERS and any law firm of any attorney providing advice or representation in connection with this Action.

5. All statistical analyses and calculations performed by Dr. White or ERS for the Florida Department of Corrections since January 1, 2002 in connection with this case.

6. All documents pertaining to Dr. White's review, inspection, or analyses of the "employment records paper files" referred to in his October 13, 2000 Affidavit which have not previously been produced.

7. All calculations, charts, graphs and documents used to amend, modify, correct, alter or review the data referred to in Tables 1, 2, 3, and 4 of Appendix B to the October 13, 2000 Affidavit that Dr. White submitted in this action.

8. All calculations, charts, graphs, and documents used by Dr. White to examine the disciplinary promotions, training, and evaluations activities of the Department at Marion, Lake, or Florida Correctional Institutions since January 1, 2002.

7

9. All calculations, drafts, charts, graphs, and any other materials or documents used by Dr. White since January 1, 2002 in connection with the formulation of an expert opinion in this case.

10. All documents relating to any amendment, modification, or review of the "revised databases" referred to in Paragraph 3 of Dr. White's May 24, 2001 Affidavit in this action.

11. All documents created by Dr. White pertaining to any assessment of whether the Department's employees or agents have entered complete information to instances of discipline, training, promotions, and evaluations since January 1, 2002.

12. All documents pertaining to each review by Dr. White of whether the Department's employees have, since January 1, 2002, entered full information into the "STARS" system.

13. All documents used in connection with the preparation of any report or affidavit that Dr. White has prepared, edited, amended, or reviewed in connection with this case since January 1, 2002.

14. All documents reflecting communications between Dr. White and the Florida Department of Correction which documents were created or received subsequent to January 1, 2002.

15. All documents and data of any type that Dr. White used since January 1, 2002 in formulating his opinions in connection with this case.

16. All documents pertaining to employment practices that are subject of this case, which documents were created, used, or received by Dr. White or ERS since January 1, 2002.

17. All electronic mail messages pertaining to the services performed by Dr. White which were created, received, or sent since January 1, 2002.

18. All voicemail messages pertaining to communications between ERS or Dr. White and the Department or the Department's attorneys in this case since January 1, 2002.

19. Documents pertaining to communications between Dr. Paul White and any other officer or employee of ERS related to the preparation of any reports or analyses in connection with this case which communications occurred after January 1, 2002.

20. All notes, memoranda, and messages, including e-mail messages and voicemail messages that have been created, used, sent, relayed or received by Dr. White or ERS in connection with this case since January 1, 2002.

21. Copies of agreements pursuant to which ERS has provided services to the Department of Corrections since January 1, 2002.

22. Documents sufficient to reflect the nature, extent, cost, and description of services provided by ERS to the Department from January 1, 2002 to the present.

23. All documents pertaining to the preparation of any affirmative action plan, or any portion thereof, and the provision of advice or service respecting any affirmative action plan, which documents were created, used, or received by ERS during the period between January 1, 2000 and the present.

24. All documents reflecting statistical analysis and calculations performed between January 1, 2002 and the present by ERS with regard to employment practices of the Department.

25. All studies or analyses performed by ERS or Dr. White since January 1, 2002 relating to the Department's hiring, selection, promotion, discipline, training, and provision of education to employees of the Department.

26. All documents created, reviewed, or used by ERS in connection with services to the Department in connection with the formulation, implementation, review, or amendment of

)                                                    )

any personnel rule of the Department (including, but not limited to promotional rule) during the period between January 1, 2000 and the present.

27.    All documents created, reviewed, or used since January 1, 2002 to assess whether an employment practice of the Department has or has had a disparate impact upon African-American male or female employees of the Department as compared to employees who are not African-American.

28.    All correspondence, written communications or other documents exchanged between ERS and the Department since January 1, 2002, including attachments and enclosures.

\\MIA-SRV01\SCRUGGSF\680752v01\#L9S01!.DOC\7/25/03\41098.010100

# TAB 2



# GREENBERG
### ATTORNEYS AT LAW
# TRAURIG

Frank Scruggs
(305) 579-0621
scruggsf@gtlaw.com

August 4, 2003

## VIA FACSIMILE & U.S. MAIL

William Peter Martin, Esq.
Dennis, Bowman, Jackson, Martin
& Fontela, P.A.
Ashley Center
2367 Centerville Road
Tallahassee, FL 32317-5589

      Re:    NAACP, et. al v. State of Florida Department of Corrections, et, al.
             U.S.D.C. Case No.: 5:00-CV-100-OC-10

Dear Peter:

Please send to me copies of the following, which the Department listed in the pre-trial statement for the injunction trial:

1. Procedure 208.005, Correctional Officer and Correctional Probation Officer Promotional Procedure, Department of Corrections, Revised September 26, 2002 (Composite);

2. Rule 33-208, DOC, Personnel;

3. Rule 33.209, DOC, Staff Development;

4. Florida Department of Corrections Master Training Plan 2003-2004;

5. CD Rom titled NAACP Case Data, files created 6/26/03 (Plaintiff Objects);

6. Diskette, STARS 06262003 ext, file date 6/26/03 (Plaintiff Objects);

7. Composite Exhibit: Lieutenant Promotion; Position No. 18762, Marion Correctional Institution; and

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
AMSTERDAM  ATLANTA  BOCA RATON  BOSTON  CHICAGO  DENVER  FORT LAUDERDALE  LOS ANGELES  MIAMI  NEW JERSEY  NEW YORK  ORLANDO
PHILADELPHIA  PHOENIX  TALLAHASSEE  TYSONS CORNER  WASHINGTON, D.C.  WEST PALM BEACH  WILMINGTON  ZÜRICH

8. Composite Exhibit: miscellaneous DOC documents related to Lt. William Washington's employment at Marion Correctional Institution, including Change Order 01-03, Marion Correctional Institution, Work Camp, February 6, 2003.

As to the data (numbers 5 and 6), please send a CD Rom.

Please let me know if we can expedite delivery of any of the materials sought by Plaintiffs' most recent request for document production.

Sincerely,

Frank Scruggs

FS/lo

\\MIA-SRV01\SCRUGGSF\681681v01\WLZL01!.DOC\8/4/03

# TAB 3

# GREENBERG
ATTORNEYS AT LAW
# TRAURIG

Frank Scruggs
(305) 579-0621
scruggsf@gtlaw.com

August 15, 2003

**VIA E-MAIL & U.S. MAIL**

William Peter Martin, Esq.
Dennis, Bowman, Jackson, Martin
& Fontela, P.A.
Ashley Center
2367 Centerville Road
Tallahassee, FL 32317-5589

      Re:    NAACP, et. al v. State of Florida Department of Corrections, et, al.
             U.S.D.C. Case No.: 5:00-CV-100-OC-10

Dear Peter:

    You have requested identification of the exhibits referred to by Plaintiffs in Section 4 (A) of the pre-trial statement that you negotiated with David Oliver. It will not be necessary for the Department to file a motion to obtain identification of exhibits to which that section refers. With one exception, all of the items referred to in Subsections 4 (A) (b), (c), (f), (g), and (h) were specifically and exhaustively set forth in the list of Plaintiff's exhibits that was incorporated into the joint pre-trial statement dated July 12, 2002, a copy of which is enclosed. Appendix Tab 1 thereto includes the specific references that you seek. I also have enclosed the designations of Ralph Kiessig's Deposition that you seek.

    The only exception to the foregoing relates to the testimony of Dr. Kim Lersch. She has not yet created a report. If you plan to object, in any event, on the basis that her testimony will not be "supplemental to matters already litigated," then perhaps you should proceed to file your motion. In light of the various objections that you have raised regarding Dr. Leinen, we will not seek to depose him or to meet with him before the trial. Naturally, we do reserve the right to call him as authorized by the Court's prior Order [Doc. 905-1].

    We do not understand that an Order "as it relates to additional discovery" is required before we can obtain materials and data used by Dr. White in formulating the opinions that are outlined in the joint pre-trial statement. If the Department does not plan to produce such materials and data either in response to my letter to you dated August 4, 2003 or the request for document production dated July 25, 2003, please let me know.

                                             Sincerely,

                                             Frank Scruggs

Enclosures

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE  MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com

AMSTERDAM  ATLANTA  BOCA RATON  BOSTON  CHICAGO  DENVER  FORT LAUDERDALE  LOS ANGELES  MIAMI  NEW JERSEY  NEW YORK  ORLANDO
PHILADELPHIA  PHOENIX  TALLAHASSEE  TYSONS CORNER  WASHINGTON, D.C.  WEST PALM BEACH  WILMINGTON  ZÜRICH